UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
Mauricio Orbetta, individually, and on behalf of all others similarly situated;

                           Plaintiff,

     -against-

Dairyland USA Corporation and the Chef's Warehouse, Inc.;

                           Defendants.
---------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1. Plaintiff brings this action to recover unpaid wages, liquidated damages, prejudgment interest, statutory damages, and reasonable attorney fees and costs from the Defendants, for whom the Plaintiff performed work.

2. Plaintiff was a food distribution delivery driver employed in the Defendants' food distribution company- Dairyland USA Corporation, which is owned by the Chef's Warehouse public holding company. For a time prior to filing this Complaint, the Defendant willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to keep accurate time records, failing to pay the Plaintiff minimum wage by paying the Plaintiff a salary and not paying time and one half the employee's regular rate of pay for all hours worked in excess of 40 hours in a workweek.

3. The Defendant paid its drivers working out of its facility located at 240 Food Center Drive, Bronx, NY 10474, a weekly salary and certain lump sum premiums for their weekly hours worked, but the Defendant did not compute the Plaintiff's, nor the rest of its delivery drivers, regular weekly hourly rate based on the total weekly earnings; nor did the Defendant pay the Plaintiff and other similarly situated employees with an overtime premium equal to 1.5x the employees regular rate of pay for all hours worked over 40 in a workweek.

## JURISDICTION AND VENUE

4. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

5. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

6. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendant conducts business there and the cause of action arose there.

1

## THE PARTIES

8. Plaintiff Mauricio Orbetta ("Orbetta") resides in Bronx, New York.

9. The Chef's Warehouse, Inc. ("Chefs") is a publicly traded corporation with its headquarters located at 100 E Ridge Rd, Ridgefield, CT 06877.

10. Defendant Dairyland USA Corporation ("Dairyland") is a for profit corporation located at 240 Food Center Drive, Bronx, New York 10474.

**Class Definition**

11. Plaintiff brings each cause of action set forth herein as a collective action on behalf of the following class of potential opt-in litigants:

    **All current and former food delivery drivers who performed work for Dairyland USA Corporation from the facility located at 240 Food Center Drive, Bronx, NY 10474 in any workweek in the past three years ("FLSA Class").**

12. Plaintiff reserves the right to redefine the FLSA Class prior to class certification and thereafter, as necessary.

13. Plaintiffs bring each cause of action of this lawsuit as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

    **All current and former food delivery drivers who performed work for Dairyland USA Corporation from the facility located at 240 Food Center Drive, Bronx, NY 10474 in any workweek in the past six years ("New York Class").**

14. Plaintiff reserves the right to redefine the New York Class prior to class certification and thereafter, as necessary

15. All allegations alleged herein by Plaintiff are alleged on behalf of the FLSA Class and NY Class defined in this Complaint, as amended.

## BACKGROUND FACTS

16. Dairyland is a wholesale food distribution company.

17. The Chef's Warehouse is a publicly traded corporation under which Dairyland USA is owned and operated.

18. The Chef's Warehouse and Dairyland operations are intertwined. Chef's Warehouse's upper management exercises control over the operations of Dairyland. For instance, human resources, payroll practices, decisions concerning the financial expenditures allocated to Dairyland, and overall operational strategy are all primarily executed by the Chef's Warehouse upper management.

19. On information and belief, Chef's Warehouse is a joint employer of Dairyland.

20. All facts attributed to Dairyland in this Complaint are equally attributable to Chef's

Warehouse as a joint employer.

21. During any period of time whatsoever starting six years prior to the filing of this Complaint, Dairyland had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the Plaintiff, (3) set the Plaintiff's wage rates, (4) maintain the Plaintiff's payroll records, or (5) institute work rules for the Plaintiff to follow.

22. During any period of time whatsoever starting six years prior to the filing of this Complaint, Defendant Chefs had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the Plaintiff, (3) set the Plaintiff's wage rates, (4) maintain the Plaintiff's payroll records, or (5) institute work rules for the Plaintiff to follow.

23. Dairyland is involved in an industry affecting commerce within the meaning of the FLSA.

24. Dairyland had annual revenues exceed $500,000 for the year 2020.

25. Dairyland had annual revenues exceed $500,000 for the year 2019.

26. Dairyland had annual revenues exceed $500,000 for the year 2018.

27. On information and belief, Dairyland, regularly purchases goods from locations manufactured outside the State of New York and utilize such products within the State of New York.

28. On information and belief, the business activities of Dairyland are related and performed through a unified operation of common control for a common business purpose and constitutes an enterprise within the meaning of the FLSA.

29. Dairyland engages in a combination of different activities in the course of business operation, including but not limited to: (1) delivering food, (2) advertising, (3) bookkeeping, (4) managing employees, and (5) purchasing supplies (the "Related Activities").

30. Dairyland has an organizational structure whereby there is an individual, or group of individuals, who control the Related Activities.

31. No Defendant kept accurate and sufficient payroll and time records, as required by law.

32. During the Relevant Time Period,[1] no Defendant accurately recorded the Plaintiff's exact daily work start time and exact daily work end time.

33. No Defendant maintained sufficient payroll and time records to determine the weekly pay and hours worked by Plaintiff.

34. Dairyland employed Plaintiff as an employee during the Relevant Time Period.

35. The Defendants did not hire the Plaintiff as an independent contractor while performing services for Dairyland.

36. The Defendants provided all of the equipment and material for the Plaintiff to perform his job.

---

[1] Relevant Time Period is defined as any period during the 6 years immediately preceding the filing of this complaint.

37. The Defendants treated the Plaintiff as "W-2" wage earners while employed.

38. The Defendants set the Plaintiff's work schedule, and method and rate of pay.

39. The Defendants assigned the Plaintiff the specific job duties to which he had to perform.

40. The Plaintiff was not free to hire other employees to work in Plaintiff's place to perform his job duties for the Defendants.

**PLAINTIFF ORBETTA**

41. Orbetta started working for the Defendants in or around February 18, 2019.

42. Orbetta stopped working for Defendants on or around May 6, 2020.

43. Orbetta performed work for Defendants during the 2020 calendar year.

44. Orbetta performed work for Defendants during the 2019 calendar year.

45. Defendants paid Orbetta by the hour.

46. Orbetta worked approximately 70 hours each week he was employed by Defendants.

47. Defendants never paid Orbetta 1.5x his regular rate for the hours he worked over 40 in a workweek.

48. Instead of paying Orbetta an hourly wage rate, the Defendants paid Orbetta a set weekly salary for all hours worked. In addition, at various times, the Defendants would pay Plaintiff certain lump sum premiums for performing specific extra tasks outside his general daily work activities, as well as, in some instances, an hourly premium.

49. During Orbetta's entire tenure of Employment with the Defendants, the Defendants did not pay Orbetta an overtime premium for hours worked over 40 in a workweek to equal 1.5x Orbetta's regular hourly wage rate.

50. During Orbetta's entire tenure of Employment with the Defendants, the Defendants did not compute Orbetta's regular hourly wage rate by totaling all of his weekly remuneration and dividing the pay by Orbetta's total hours worked.

51. In 2020, the Defendants did not pay Orbetta an overtime premium for hours worked over 40 in a workweek equal to $22.50.

52. In 2019, the Defendants did not pay Orbetta an overtime premium for hours worked over 40 in a workweek equal to $22.50.

53. When the Defendants hired Orbetta, the Defendants paid him a $450 weekly salary.

54. On information and belief, in April of 2019, the Defendants increased Orbetta's salary to $650 per week.

55. On information and belief, in August 2019, the Defendants increased Orbetta's salary to $871.25 per week.

56. Defendants paid Orbetta with a check.

57. No Defendant provided Orbetta with a written notice of his pay rate at any time whatsoever.

58. No Defendant provided Orbetta with an accurate paystub at any time whatsoever.

59. Orbetta never had the power to hire or fire employees, control employee work hours or otherwise control other employee work conditions.

## Collective Action Allegations

60. Plaintiff brings this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Class defined above.

61. Plaintiff desires to pursue Plaintiff's FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

62. Plaintiff and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals worked as food delivery drivers under the Defendants' previously described common pay practices, and because of such practices, they were not paid the full and legally-mandated overtime premium wage for hours worked. Resolution of this action requires inquiry into common facts, including, inter alia, the Defendants' common compensation, timekeeping and payroll practices.

63. Specifically, the Defendants typically paid Plaintiff and the FLSA Class by using a weekly salary an lump sum bonus system without aggregating the total weekly compensation to determine the proper regular rate, and then computing the proper overtime premium for hours worked over 40 in a workweek and not maintaining proper record of employee work hours. Accordingly, Plaintiff and the Similarly Situated Plaintiffs did not receive overtime pay at the proper rate.

64. The Similarly-Situated employees are known to the Defendants, are readily identifiable, and may be located through the Defendants' records and the records of any payroll company that the Defendant uses. The Defendants employ FLSA Class Members in the State of New York. These similarly-situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## Class Action Allegations

65. Plaintiff brings this action as a class action under Fed. R. Civ. P. 23 on behalf of Plaintiff and the New York Class defined above.

66. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

67. Plaintiff will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiff and those of the New York Class, and Plaintiff's claims are typical of the claims of the New York Class. Plaintiff's counsel is competent and experienced in representing a class and multi-plaintiff wage and hour claims such as this one.

68. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether the Defendants have violated and continue to violate the Federal and/or New York State laws through the Defendants' policy or practices of paying its delivery drivers by salary, not computing regular rates of pay to pay the proper overtime rate, paying less than the New York State Minimum Overtime Wage rates for all overtime hours worked by Plaintiff and the New York Class, and not providing proper and adequate wage notices and paystubs.

69. Plaintiff's claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiff is a member of the New York Class, (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class, (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances, (d) there are no conflicts between the interests of Plaintiff and the New York Class members; and (e) the injuries suffered by the Plaintiff is similar to the injuries suffered by the New York Class members.

70. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

71. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class is readily identifiable from the Defendants' own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants.

72. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against the Defendants.  Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

73. Without a class action, the Defendants will retain the benefit of its wrongdoing, which will result in further damages to the Plaintiff and the New York Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**FIRST CAUSE OF ACTION**
**(Failure to pay overtime)**
**(Federal- 29 USC 201 et. seq.)**

74. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

75. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

76. Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the FLSA and the supporting Federal Regulations.

77. Because of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

78. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendant have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

79. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### (Failure to pay overtime)
### (NY STATE)

80. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

81. The overtime wage provisions of Article 19 of the NYLL and the supporting New York State regulations apply to Defendants and protect the Plaintiff.

82. Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

83. By the Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

84. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## THIRD CAUSE OF ACTION
### (Failure to pay wages)
### NY Lab. Law §191

85. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

86. Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

87. Defendants failed to pay the Plaintiff their wages as required by NYLL §191 by not paying wages within the statutory time-period.

7

88. On information and belief, Defendant engaged in an ongoing practice of failing to remit to Plaintiff all wages due as a result of an unlawful tip-credit, failing to provide a spread of hours premium, not paying overtime wages and minimum wage, and withholding gratuities.

89. Because of Defendants' unlawful withholding of wages, Plaintiff suffered harm.

**FOURTH CAUSE OF ACTION**
**(Failure to provide wage notices)**
**(NY Lab. Law §198(1-b) & NY Lab. Law §198(1-d))**

90. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

91. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer

92. Defendants willfully failed to furnish Plaintiff with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

93. Due to Defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

94. Defendants failed to provide Plaintiff a statement with each payment of wages that sets forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

95. Due to Defendants' violation of NYLL §195(3), Plaintiff is entitled to recover from

Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

## FIFTH CAUSE OF ACTION
### (Failure to pay minimum wage)
### (Federal)
### 29 U.S.C §206

96. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

97. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

98. Defendants failed to pay Plaintiff minimum wages to which they are entitled under the FLSA and the supporting Federal Regulations.

99. Because of Defendants' unlawful acts, Plaintiff has been deprived of minimum compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

100. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

101. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SIXTH CAUSE OF ACTION
### (Failure to pay minimum wage)
### (NY STATE)
### 12 N.Y.C.R.R §146-1.2

102. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

103. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State regulations apply to Defendants and protect the Plaintiff.

104. Defendants failed to pay Plaintiff minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

105. By Defendants' knowing or intentional failure to pay Plaintiff minimum wages for hours worked, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

106. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A.  An Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. §216(b);

B.  Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C.  An Order permitting this litigation to proceed as a class action under Fed. R. Civ. P. 23 on behalf of the New York Class;

D.  Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.  Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

F.  Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL;

G.  Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

H.  Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

I.  Pre-judgment interest and post-judgment interest;

J.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

K.  An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

L.  Reasonable attorney fees and costs of the action;

M.  Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

  Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: White Plains, New York
    October 27, 2020

EL-HAG & ASSOCIATES, P.C

*Jordan El-Hag*

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com
