

**Littler Mendelson P.C.**
900 Third Avenue
New York, NY  10022.3298

Eli Z. Freedberg
212-583-2685 direct
efreedberg@littler.com

January 19, 2022

**VIA ECF**

Hon. John P. Cronan
United States District Court Judge
500 Pearl St.
New York, NY 10007-1312

*The parties are directed to meet and confer.  Plaintiffs shall respond pursuant to the Court's Individual Rule 5(c) by January 24, 2022.*

*SO ORDERED.*
*Date: January 19, 2022*
*New York, New York*

*JOHN P. CRONAN*
*United States District Judge*

**Re:    Orbetta v. Dairyland USA Corporation et al., 1:20-cv-09000-JPC**

Dear Judge Cronan:

    This firm represents the Defendants in the above-captioned matter. In accordance with Rule 5(C) of Your Honor's Individual Practices, we write to respectfully request that the Court compel Plaintiffs to produce documents in their possession in response to Defendants' requests for the production of documents ("Document Requests")  and appear for depositions. As explained below, Defendants Document Requests and have made repeated overtures to Plaintiffs requesting document discovery in response to the Document Requests.  Defendants also served deposition notices to Plaintiffs. Plaintiffs, however, have taken the position that they are exempted from document production obligations because any production would be duplicative of documents that are already in Defendants' position and they have conveyed their refusal to attend depositions.  Defendants also request that the Court reset the existing discovery deadlines by at least 30 days from Plaintiffs' date of compliance with the Court's order compelling discovery and to award Defendants their attorneys' fees in connection with filing this motion.  Defendants have not previously made a motion to compel discovery in this case, or to reset existing discovery deadlines.

### BACKGROUND

    The Complaint in this Action was filed on October 27, 2020. The Court entered an order allowing for phased discovery.  The first phase of discovery, was "solely related to information concerning the application of the Motor Carrier Act." While the first phase of fact discovery was initially scheduled to conclude on November 19, 2021 the Court issued a revised scheduling order that extended the discovery deadline to January 28, 2022. (Ex. A)  On September 2, 2021, Defendants served Plaintiffs' with Document  Requests. (Ex. B)  On November 9, 2021, Plaintiffs responded and objected to Defendants' Document Requests ("Responses and Objections") but failed to produce a single page of documents in response to the Document Requests.  (Ex. C) In response to each document request, Plaintiffs simply responded that stated that they did not have

Hon. John P. Cronan
January 19, 2022
Page 2

any documents in their possession or declined to produce records because the documents sought were in Defendants' possession. Defendants then responded to Plaintiffs and asserted that Plaintiffs cannot simply refuse to produce responsive records because they believed that the records sought were also in Defendants' possession. In response, Plaintiffs merely responded by asking Defendants to what extent they would like to belabor the issue. (Ex. D)

On December 29, 2021, Defendants served Plaintiffs with Defendants' 30(a)(1) deposition notices. (Ex. E) On January 10, 2022, the Parties held a meet-and-confer to discuss outstanding discovery issues and the planning of the depositions. During this call, Plaintiffs expressed their refusal to produce witnesses in response to Defendants' deposition notices. Plaintiffs' counsel explained that that the depositions were not necessary because the first phase of discovery was "solely related to information concerning the application of the Motor Carrier Act." Defendants responded that they would limit the subjects of the deposition to issues related to the Motor Carrier Act, including but not limited to topics such as: (i) the types of vehicles they drove, (ii) licenses Plaintiffs held, (iii) hours Plaintiffs worked, (iv) routes Plaintiffs drove, and (v) good Plaintiffs transported. During the call, Plaintiffs also reiterated their refusal to produce documents in response to the Document Requests. This motion follow the Defendants' failed attempts to reach a resolution of this discovery dispute without the Court's involvement.

**ARGUMENT**

Plaintiffs are in clear violation of the Revised Scheduling Order and of the Federal Rules of Civil Procedure and are unlikely to come into compliance unless compelled to do so by this Court. Defendants thus move for an order compelling Plaintiffs to produce relevant records within their possession that are responsive to Defendants' Discovery Requests, and to schedule depositions at the earliest possible date this Court deems appropriate. Pursuant to Federal Rule of Civil Procedure ("FRCP") 37(a)(3)(B)(iii) and (iv), Defendants are entitled to an order compelling Plaintiffs' discovery responses, since they have failed to produce documents pursuant to FRCP 34. "If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied." *Freydl v. Meringolo*, 09 Civ. 07196(BSJ)(KNF), 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011). "The resisting party must show how, 'despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant, or how each request is overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden.'" *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, LLC, 314 F.R.D. 85, 87–88 (S.D.N.Y. 2016). FRCP 34 "is rather clear that where documents are in the 'possession, custody, or control of a party,' they must be produced," even if those documents are in the possession of another party. *New York ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259, 267 (N.D.N.Y. 2006).

Plaintiffs have failed to demonstrate how providing Defendants with the requested documents are in any way overly broad or burdensome. In fact, Plaintiffs have failed to do the bare minimum and have not supplied Defendants with *any* documents, even though Plaintiffs'

Hon. John P. Cronan
January 19, 2022
Page 3

Responses and Objections clearly indicate that they possess some relevant documents For example, the Document Requests asked for Plaintiffs' federal, state, and local income tax returns, receipts, check stubs and W-2 forms from five years ago to the present. Plaintiff responded: "Harriot: W-2 forms from 2014 to present; Butler:W-2 forms; Orbetta: W-2 forms," but Plaintiffs failed to produce any of the identified documents. Defendants are entitled to Plaintiffs' W-2, 1099s, paystubs, benefits payments, and tax returns, to the extent they reflect Plaintiffs' earnings or any benefit payments received during and after their employment with Defendants. These documents are relevant to show whether Defendants complied with the alleged salary requirements that Plaintiffs assert are a prerequisite for application of the Motor Carrier Act Exemption.  The Document Requests also ask Plaintiffs for documents supporting their allegations concerning improper calculation of wages for time worked. In their Responses and Objections, Plaintiffs acknowledge that they possess "paystubs," but they have failed to produce any such pay stubs for any Plaintiff. Defendants, therefore, respectfully request that the Court compel Plaintiffs to adhere to their duty under FRCP 34 and produce the requested documents.

In addition, the Court should compel Plaintiffs to appear for their depositions. It is well-established that a party who initiates an action is subject to deposition on the claims alleged. "It is the rare case in which a plaintiff's deposition and documents are unimportant or unnecessary. A party who brings an action presumptively obligates [itself] to sit for a deposition. . . ." *de Herbstein v. Dabbah Sec. Corp.*, 169 F.R.D. 36, 40 (S.D.N.Y. 1996). Defendants have a right to depose the parties with direct knowledge; they also have a right to receive documents pertaining to the case, particularly when the documents sought are directly relevant to issues in the case. *Id.* "Nothing about plaintiff's situation warrants abridging the defendants' rights to the highly material and highly probative evidence that defendants seek." *Id.*

Finally, Defendants respectfully request that the Court reset the current discovery deadlines for 30 days after Plaintiffs' compliance with the Court's order compelling discovery.  Currently, depositions are scheduled to be completed by January 28, 2022.  Because Plaintiff has not provided any document discovery, and has refused to schedule Plaintiffs' depositions, the Parties will be unable to complete discovery before the conclusion of the deadline. Accordingly, Respondents ask that the Court reschedule the deadline for completion of discovery until 30 days following the the mutually agreed upon deposition dates.

Respectfully submitted,

*Eli Z. Freedberg*

Eli Z. Freedberg